## SEARCH *vs.* SEARCH and others.

1. The guardian of a party defendant, declared a lunatic after the bill was filed, should be made a party to the suit.

2. The costs of a petition, filed by the guardian after the filing of the master's report in the cause, alleging apprehension lest the lunatic's interest should suffer by delay in the suit, and praying that the cause might be proceeded with and her interest protected, allowed; costs of an order of reference, obtained by the guardian, and of the master's report thereon, disallowed.

*Mr. W. Halsted,* for petitioner.

THE CHANCELLOR.

This is an application on behalf of Joseph Hann, who was the guardian of the defendant, Sarah Search, for the allowance to him, out of the proceeds of the sale of the premises whereof partition was prayed, of the costs of his petition filed in this suit, and the master's report under an order obtained thereon, and a proper counsel fee. The bill in this cause was filed on the 1st of July, 1873. Sarah Search, then of sound mind, was made a defendant in respect of her right of dower in the premises. Joseph Hann, who was subsequently appointed her guardian in proceedings in lunacy, was also made a defendant. In October, 1873, she was declared a lunatic, and Hann was appointed her guardian. No step was taken in the cause by the complainant to protect the lunatic's interest in the suit. In October, 1874, three days after the master's report as to the interests of the parties, &c., in the cause was filed, the

guardian filed his petition, alleging apprehension lest the lunatic's interest should suffer by unnecessary delay in the suit, and praying that the cause might be proceeded in, and her interest protected.  Between the date of the injunction and the filing of this petition, a year had elapsed, and the cause was going on to final decree, without regard to the fact that Mrs. Search had been declared a lunatic.  It was the duty of the complainant to have made her guardian a party to the suit with her.  *Stock on Non Comp.* 35 ; *Snell* v. *Hyatt*, 1 *Dick.* 233 ; *Lyon* v. *Mercer*, 1 *Sim. & Stu.* 356. The action of the guardian, in this case, was not only proper, but it remedied a defect which would otherwise have existed in the proceedings.  Under the circumstances, he should have his costs of the petition, and a counsel fee of $25.  But the costs of the order of reference obtained by him, and of the master's report thereon, will not be allowed.